UNITED STATES OF AMERICA
     Plaintiff,

    vs.           Case no:

Troy Holland,         CR-00-40130 CW
    Defendant

FILED 2000 APR 28 PM 3:00

Petitioner Appendix To Support allegations in 2255 Motion To Vacate, Set Aside or Correct Sentence.

Table of Contents

|  | Page Number |
|---|---|
| Transcript of Preceedings December 12,2005 | 1-6 |
| Defendant's Sworn affidavit | Exhibit A |
| Defendant's Letter To The Attorney Mr. | Exhibit B |

## AFFIDAVIT

After my last judgement on October 30, 2006 Attorney David Nickerson told me he had filed Notice of Appeal regrading the following issues:
1) <u>Ineffective Assistance of Counsel</u>
2) <u>Restitution Amount not confimed</u>
3) <u>Sentence calculated incorrectly</u>

Several phone conversations since confirmed by Attorney David Nickerson to mr thay my appeal was progressing. Recently I have been informed that actually Attorney David Nickerson had filed nothing.

I Swear under the Penatly of Perjury the above Statements are true and Factual.

Troy Holland #09468-078

J. Luna, Case Worker
Authorized by the Act of July 7, 1955
to administer oaths (18 U.S.C. 4004)

Staff Signature

Federal Correctional Institution
La Tuna, P. O. Box 1000
Anthony, New Mexico/Texas 88021

Exhibit "A"

11/6/07

David Nickerson, Esq
32 Bridgegate Drive
San Rafael, Ca 94903

David,
 Yesterday I was told by my mother that the clerk for the appeals court informed her that my criminal case has NOT been appealed to the court?? I'm confused and do not understand why you did not file appeal as you told me you would after decision on last appeal you handled for me. I would greatly appreciate an explanation why the issues we discussed have not been appealed.
 Please respond asap!!! I'm extremely concerned.

Troy Holland #09468-078
FSL La Tuna

Exhibit "B"

```
 1  MONDAY, DECEMBER 12, 2005                                  2:37 P.M.
 2                          P R O C E E D I N G S
 3           THE CLERK:  CALLING THE MATTER OF UNITED STATES
 4  VERSUS TROY HOLLAND, CRIMINAL ACTION NO. CR00-40130.
 5           COUNSEL, PLEASE COME FORWARD, STATE YOUR APPEARANCES
 6  FOR THE RECORD.
 7           MR. BEVAN:  GEORGE BEVAN FOR THE UNITED STATES.  GOOD
 8  AFTERNOON, YOUR HONOR.
 9           PROBATION OFFICER:  GOOD AFTERNOON, YOUR HONOR.
10  ROSEMARY COSTA FOR THE UNITED STATES PROBATION.
11           MR. MILLSTEIN:  YOUR HONOR, DAVID MILLSTEIN APPEARING
12  FOR MR. HOLLAND WITH MR. NICKERSON, TRIAL COUNSEL, AND MR. --
13  APPELLATE COUNSEL, MR. TAVIS (SIC) IS ALSO APPELLATE COUNSEL --
14  WILL ADDRESS THE COURT.
15           MR. NICKERSON:  AND MR. HOLLAND IS HERE.  HIS
16  REPORTING TIME WAS 2:00 O'CLOCK TODAY.  THAT'S WHY IT WAS PUT ON
17  THE 2:00 O'CLOCK CALENDAR.
18           MR. TABACK:  GOOD AFTERNOON, YOUR HONOR.
19           WITH YOUR PERMISSION, MR. NICKERSON AND I WOULD LIKE
20  TO ADDRESS THE COURT ON BEHALF OF MR. HOLLAND.  THAT'S HIS
21  REQUEST.  WE'RE NOT COUNSEL OF RECORD YET.  SO IT'S -- WITH YOUR
22  PERMISSION, WE WILL BE REPRESENTING HIM AT THIS HEARING.
23           THE COURT:  OKAY.
24           MR. BEVAN:  I'M NOT FAMILIAR WITH THAT PROCESS,
25  FRANKLY.  I MEAN, MR. MILLSTEIN FILED THE MEMO IN SUPPORT OF HIS
```

1  MOTION FOR BAIL PENDING APPEAL, AND I'M NOT SURE WHAT MR. TABACK
2  AND NICKERSON'S STATUS WOULD BE JUST TO STAND UP AND ARGUE.
3          **THE COURT:** THEY'RE MEMBERS OF THE BAR, I GUESS. I
4  DON'T MIND HEARING FROM THEM.
5          **MR. TABACK:** WE WILL BE REPRESENTING --
6          **THE COURT:** IT'S NOT GOING TO HURT ANYTHING.
7          **MR. TABACK:** -- ON APPEAL AND ALSO IN WHAT WE
8  ANTICIPATE WOULD BE A 2255 MOTION. WE'LL BE FILING THAT AS
9  WELL.
10         **THE COURT:** OKAY. WELL, YOU WEREN'T HERE LAST TIME.
11         **MR. BEVAN:** I -- I WASN'T. MR. -- IT'S JAY WEILL'S
12  CASE, AND HE -- HE'S ON VACATION, BUT HE FORWARDED THIS PACKET
13  TO ME, WHICH I HAVE STUDIED. I'VE READ THE NINTH CIRCUIT
14  OPINION ON DIRECT APPEAL. I'VE READ THE --
15         **THE COURT:** WELL, HERE'S THE PROBLEM: I'M NOT --
16  WELL, IN THE COURSE OF THE MOTION FOR BAIL PENDING APPEAL,
17  THE -- THE GROUNDS FOR APPEAL WERE MENTIONED. AND IN THE COURSE
18  OF THAT, I DISCOVERED, TO MY CHAGRIN, THAT I MISSPOKE AT THE
19  SENTENCING HEARING. SO THE MAIN REASON I HAD YOU ALL IN WAS TO
20  CLARIFY WHAT WAS INTENDED AT THE SENTENCING HEARING. SO THAT'S
21  WHAT I WANT TO ADDRESS FIRST.
22         AND, IN FACT, I WILL HEAR ANYTHING ANYBODY HAS TO SAY
23  ABOUT ANY SENTENCING FACTORS THEY'D LIKE TO ADDRESS, BUT I'M
24  GOING TO MAKE PERFECTLY CLEAR WHAT THE SENTENCE IS.
25         AT THE SENTENCING HEARING, IT WAS, I THINK, QUITE

1  HAVE TO MAKE A DECISION. WE THINK THERE'S A SUBSTANTIAL ISSUE
2  ON APPEAL.
3       THE OTHER THING THAT THE GOVERNMENT ADDRESSED WAS
4  THAT YOU'VE ALREADY CONSIDERED ALL THE FACTORS AT SENTENCING.
5  THE -- THIS WAS REMANDED IN LIGHT OF AMELINE. WHAT THE COURT
6  COULD HAVE DONE IN THAT REMAND WAS ADDRESS FACTORS WHICH WERE
7  NOT COVERED BY THE GUIDELINES AT THE FIRST SENTENCING.
8       WE WERE SUGGESTING TO THE COURT AND WE HAVE POINTED
9  OUT SPECIFIC FACTORS WHICH WERE NOT COVERED BY THE GUIDELINES
10 WHICH THE COURT SHOULD CONSIDER IN GIVING HIM A SENTENCE.
11 THAT'S WHAT MR. MILLSTEIN ASKED FOR IN HIS PLEADING BEFORE THE
12 OCTOBER 31ST HEARING. AND THE COURT DID NOT GIVE HIM THAT
13 OPPORTUNITY.
14      SO IF YOU ARE GOING TO RESENTENCE HIM, YOU SHOULD
15 TAKE ADVANTAGE OF OUR ABILITY TO BRING THOSE FACTORS TO THE
16 COURT'S ATTENTION.
17      AND ONE FACTOR THAT WE HAVEN'T EVEN DISCUSSED IS THE
18 QUESTION OF THE RESTITUTION, THE REVISED RESTITUTION. I'M NOT
19 ABSOLUTELY CERTAIN -- I WASN'T COUNSEL OF RECORD, BUT I THINK
20 THE NEW FIGURES THAT THE COURT USED JUST GOT TO DEFENSE COUNSEL
21 THE THURSDAY OR FRIDAY BEFORE SENTENCING AND THEY DIDN'T EVEN
22 HAVE TIME TO INVESTIGATE THOSE NEW FIGURES.
23      I BELIEVE, ALTHOUGH I'M NOT SAYING THIS WITH ANY
24 CERTAINTY, THAT SOME OF THOSE RESTITUTION FIGURES HAVE ALREADY
25 BEEN PAID, THAT THEY'VE BEEN -- THE GOVERNMENT'S WITNESSES

1          WHEN I REFERRED TO A LIMITED REMAND TO THE NINTH

2  CIRCUIT, WHAT I WAS REFERRING TO WAS A LIMITED REMAND AT WHICH I

3  WOULD REAFFIRM THE SENTENCE THAT I INTENDED AND INTEND TO IMPOSE

4  AND EXPLAINED HOW THE -- HOW IT'S CALCULATED, AS I'VE JUST DONE.

5  AND IF THAT WERE APPROPRIATE, I'D BE HAPPY TO DO THAT.

6          BUT THAT BY NO MEANS MEANS THAT I WOULD RELEASE

7  MR. HOLLAND FROM CUSTODY, THAT I WOULD CONTINUE THE SENTENCE,

8  THAT I WOULD DO ANYTHING OTHER THAN EXPLAIN, TO THE EXTENT

9  THERE'S ANY CONFUSION REMAINING, HOW I CALCULATED THE 60 MONTHS.

10         **MR. NICKERSON:**  UNDERSTAND, YOUR HONOR.

11         **THE COURT:**  SO IN TERMS OF THE SENTENCING ISSUES, WHY

12 DON'T I JUST RE -- WELL, LET ME ASK MR. HOLLAND IF YOU HAVE

13 ANYTHING YOU'D LIKE TO SAY.

14         **THE DEFENDANT:**  I'M CONFUSED.  I'M JUST LISTENING.

15         **THE COURT:**  SO YOU DON'T HAVE ANYTHING YOU'D LIKE TO

16 SAY AT THIS POINT?

17         **THE DEFENDANT:**  YEAH.  APPRECIATE THE, CONCERNING THE

18 FACTORS REGARDING SENTENCING THAT WE DIDN'T GET TO PRESENT LAST

19 TIME WHEN WE ASKED FOR A CONTINUANCE TO BRING THOSE IN, AND, AS

20 MY ATTORNEYS POINT OUT, THAT WE GOT DENIED THE ABILITY TO BRING

21 IN A NEW PSR.  EVEN THE DESIGNATING OFFICER AT DUBLIN TOLD ME

22 THAT IT WAS MY -- WHEN I CALLED OVER LAST WEEK OR COUPLE WEEKS

23 AGO THAT NOTHING HAD BEEN DONE, THAT MY PSR WAS TWO YEARS OLD.

24 AND THEY HADN'T EVEN STARTED DESIGNATING ME YET.

25         AND I THOUGHT LAST TIME WE ASKED FOR CONTINUANCE TO


**RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-8404**

```
 1            PROBATION OFFICER:  IF YOU GIVE ME ONE MOMENT.
 2            MR. TABACK:  I AM NOT CERTAIN THAT YOU CAN SEVEN --
 3   BEYOND THE SEVEN-DAY TIME LIMIT.
 4            THE COURT:  I THINK I CAN, BUT IF YOU DON'T WANT ME
 5   TO, I WON'T.
 6            MR. TABACK:  WELL, IT'S NOT A QUESTION OF WANTING YOU
 7   TO.  IT'S WHETHER YOU CAN OR NOT.  WE WOULD CONTEND THAT THE
 8   ORIGINAL SENTENCE WAS ILLEGAL, TOO.  BUT IT'S GOT TO GO THROUGH
 9   THE COURT OF APPEAL PROCESS, I THINK.  SO I THINK WHAT'S GOING
10   TO HAPPEN IS WE'RE GOING TO COME BACK HERE IN 18 MONTHS, TWO
11   YEARS, THREE YEARS ANYWAY, IF NOTHING MORE THAN TO CORRECT
12   THE -- I THINK THE RESTITUTION'S GOING TO END UP GETTING
13   CORRECTED.  AND I THINK THE SUPERVISED RELEASE --
14            THE COURT:  WELL, IF YOU THINK THE RESTITUTION IS
15   WRONG, YOU SHOULD EXPLAIN IT TO THE GOVERNMENT, AND THEY WILL
16   UNDOUBTEDLY AGREE.  THE AMOUNT WAS AGREED TO LAST TIME.  NOW
17   EACH TIME WE GET A NEW ROUND OF LAWYERS, YOU KNOW, THINGS
18   CHANGE.  BUT IF YOU HAVE SOMETHING TO SAY ABOUT THE RESTITUTION
19   AMOUNT, I'M SURE THE GOVERNMENT WILL AGREE AND YOU CAN WORK OUT
20   SOME KIND OF WAY TO FIX IT.  YOU DON'T NEED TO WAIT 18 MONTHS TO
21   DO THAT.  JUST EXPLAIN IT TO THEM.
22            MR. TABACK:  IT WOULD HAVE TO BE DONE IN THE CONTEXT
23   OF THE 2255.
24            THE COURT:  IT CAN BE DONE BY STIPULATION IF YOU BOTH
25   WANT TO STIPULATE TO IT.  IF YOU CAN CONVINCE THEM THAT THERE'S
```

```
 1   SOME CALCULATION ERROR -- I'VE SEEN THEM DO IT MANY, MANY TIMES
 2   AND THEY'LL DO IT AGAIN IF YOU'RE RIGHT, AND YOU CAN STIPULATE
 3   TO IT, AND WE'LL CHANGE IT.
 4           AND ON THE SUPERVISED RELEASE, IF YOU WANT TO LOOK
 5   INTO IT AND IF YOU ALL AGREE THAT IT SHOULD BE CHANGED AND YOU
 6   WANT TO STIPULATE TO MY CHANGING IT, I'LL BE HAPPY TO DO THAT.
 7   IF YOU DON'T WANT TO DO THAT, THEN, YOU KNOW, DO WHATEVER --
 8           MR. NICKERSON:  COULD WE PERHAPS USE THIS ISSUE AS A
 9   WAY TO KEEP MR. HOLLAND OUT --
10           THE COURT:  NO, I HAVE NO INTENTION OF KEEPING
11   MR. HOLLAND OUT --
12                  (SIMULTANEOUS COLLOQUY.)
13           MR. NICKERSON:  -- AND COME BACK AND BRIEF IT?
14           THE COURT:  NO.  NOT AT ALL.
15           PROBATION OFFICER:  YOUR HONOR?
16           THE COURT:  ANY OF THESE THINGS ARE GOING TO BE DONE
17   WHEN MR. HOLLAND TURNS HIMSELF IN TOMORROW, AND ALL OF THESE
18   OTHER THINGS CAN BE DONE IN DUE COURSE.
19           PROBATION OFFICER:  I HAVE THE LEGAL CITATION FOR IT.
20           THE COURT:  I REALLY DON'T WANT TO DO IT ON THE FLY.
21   IF YOU COULD GIVE THAT TO MR. BEVAN.
22           PROBATION OFFICER:  OKAY.
23           THE COURT:  AND YOU THINK SOMETHING OUGHT TO BE DONE
24   AND THAT I HAVE THE AUTHORITY TO DO IT, LET ME KNOW EITHER OR
25   BOTH OF YOU, THEN I'LL BE HAPPY TO DO IT.
```